### The Toledo, Peoria and Warsaw Railway Co.

*v.*

### Robert W. Crane.

1. Negligence—*neglect of railroad to fence its road.* Where a railroad company has been operating trains over its road for more than six months, and has failed to fence its track, and while passing through the plaintiff's farm with its train, kills plaintiff's stock upon the track, the company will be liable to the plaintiff for the value of such stock.

Appeal from the Circuit Court of Henderson county; the Hon. Arthur A. Smith, Judge, presiding.

This was a suit brought by Robert Crane against the appellant, before a justice of the peace, and taken by appeal to the

circuit court.  On the trial, the plaintiff proved the killing of one of his hogs, of the value of $7, by a train of defendant, in the plaintiff's field, through which the road was located. The plaintiff also testified that the road was not fenced, and that the defendant had been operating trains over the road six months before the killing of the hog.  That he had not agreed to fence the track across his land.  On cross-examination the plaintiff testified, there was a written contract between him and the company in regard to fencing the track, and thereupon defendant moved the court to exclude from the jury all the plaintiff's testimony in regard to the track not being fenced, which motion the court overruled and the defendant excepted.  The defendant then asked the court, in substance, to instruct the jury that, before they could find for the plaintiff, they must find that the killing of the hog was occasioned by negligence of the defendant or its employees; and that if they found there was a written contract between the parties in regard to the making of a fence along the railroad track, then the defendant was not bound to fence the track unless their duty to do so was shown by the written contract, and therefore, unless they believe from the evidence that the killing could have been prevented by the use of ordinary care and diligence on the part of defendant's employees, they should find for defendant.  The court refused the instructions, and the defendant excepted.  The jury found a verdict for the plaintiff for $7.  The court overruled a motion for a new trial, and rendered judgment on the verdict.  Defendant appealed.

Messrs. INGERSOLL, PUTERBAUGH BROS. & McCUNE, for the appellant.

Messrs. STEWART, PHELPS & STEWART, for the appellee.

Per CURIAM:  This case was originally brought before a justice of the peace, and re-tried in the circuit court on appeal, where a verdict was rendered in favor of appellee for $7.

There is evidence in the record that sustains the verdict. In our opinion it is not against the weight of the evidence.

We are unable to discover any error in the action of the court in refusing to give the instructions asked by appellant, certainly none that could have prejudiced the cause. Indeed, we perceive no material error in any of the rulings of the court, and the judgment is accordingly affirmed.

*Judgment affirmed.*